# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ERIC LAMONT HUMPHREY,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C19-3023-LTS<br>(Crim. No. CR17-3053-LTS)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

_____

## I. INTRODUCTION

This matter is before me on petitioner Eric Humphrey's motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He claims he is entitled to relief because of various errors made by this court at sentencing. The Government has filed a response (Doc. 5). Humphrey filed a document (Doc. 6), docketed as a reply, that I construe as a motion to amend his § 2255 motion and add claims of ineffective assistance of counsel. Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

On February 21, 2018, Humphrey pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute 5 grams or more of actual methamphetamine which contained 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 (Count 1); and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). Crim. Docs. 13, 33. By statute, Count 1 carried a minimum sentence of 60 months' imprisonment and a maximum sentence of 480 months, while Count 2 carried a minimum sentence of 60 months' imprisonment and a

statutory maximum sentence of life, to be imposed consecutively. Crim. Doc. 22 at 27, ¶ 102.

The final presentence investigation report (PSIR) was filed on July 13, 2018. Crim. Doc. 22. The parties then filed sentencing memoranda. Crim. Docs. 24, 26, 28, 31. At the October 22, 2018, sentencing hearing, I calculated a guideline range of 262 to 327 months' imprisonment based on a total offense level of 31, a criminal history category VI and Humphrey's career offender status. I granted a defense motion for downward variance, resulting in a sentence of 180 months' imprisonment. This consisted of 120 months on Count 1 and 60 months on Count 2, to run consecutively.

### III.  LEGAL STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather:

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct

appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition *if a factual dispute exists*." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing."). However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

## IV.  DISCUSSION

In his § 2255 motion (Doc. 1), Humphrey alleges he is entitled to relief because of various sentencing errors made by the court. He alleges that the court erred by (1) applying the career offender enhancement (Claim 1); (2) relying on an incorrect amount of pure methamphetamine in determining his base offense level (Claim 2); and (3) failing to sentence him to a one-day sentence on his predicate drug offense due to the five-year mandatory minimum sentence for possessing a firearm in furtherance of drug trafficking (Claim 3). After an initial review, I directed the Government to respond to Humphrey's

motion. Doc. 3 at 4. In its response, the Government argues that Humphrey's claims are procedurally defaulted, that Claim 1 is not cognizable in the § 2255 context and that Humphrey has waived his right to collateral relief. Doc. 5.

Humphrey then filed a document purporting to "amend[] his petition to include a counsels [sic] ineffective assistance as to Grounds 1, 2 and 3." Doc. 6 at 3. He alleges that his attorney, Brad Hansen, was ineffective for (1) failing to investigate the facts and law concerning his career offender classification and failing to object to this classification (Claim 1-A); and (2) failing to investigate the facts and law concerning the quantity of methamphetamine for which he was held accountable and failing to object to the quantity for which he was held accountable (Claim 2-A). *Id.* at 3–11. He offers no argument in attempting to recast Claim 3 into an ineffective assistance of counsel claim (Claim 3-A). *Id.* at 3. Humphrey argues that these additional claims relate back to his original claims. *Id.*

A. *Claims 1, 2 and 3*

Claims 1, 2 and 3 allege various errors made by the court at sentencing. In his plea agreement, Humphrey waived his right to appeal or to pursue post-conviction relief actions, including actions pursuant to § 2255.[1] Crim. Doc. 14 at 17, ¶ 42. Defendants may waive their right to pursue post-conviction relief. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Courts will enforce such waivers unless a defendant alleges that he entered into the waiver unknowingly or involuntarily (due to ineffective assistance of counsel, for example). *See, e.g.*, *id.* at 924. Where a defendant waives his right to seek post-conviction relief, and his post-conviction relief motion does not allege that this waiver is defective, the waiver will bar the motion. *See, e.g.*, *Schnepf v. United States*, 668 F. Supp. 2d 1170, 1177 (N.D. Iowa 2009) ("[B]ecause Schnepf has failed to assert

---

[1] The waiver does not bar Humphrey from seeking relief due to ineffective assistance of counsel. Crim. Doc. 14 at 17, ¶ 42.

that there was any defect in the waiver and has not raised any claims of ineffective assistance of counsel, the court concludes that under express language of the written plea agreement here, Schnepf's claims [brought pursuant to § 2255] are barred by the waiver provision and accordingly denied.").

Humphrey does not allege that he entered into the plea agreement unknowingly or involuntarily. Nor does he allege that he received ineffective assistance of counsel regarding his plea agreement. Therefore, Claims 1, 2 and 3 will be dismissed pursuant to his appeal waiver.

### B. *Claims 1-A, 2-A and 3-A*

Humphrey seeks to amend his motion to include three new claims of ineffective assistance of counsel. Section 2255 motions are subject to a one-year limitations period. 28 U.S.C. § 2255(f); *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). Amendments to such motions must generally be filed within the same time period. *Mandacina v. United States*, 328 F.3d 995, 999 (8th Cir. 2003). However, untimely amendments may relate back to the date of the original motion if the original motion was filed timely and the amendment asserts a claim arising out of the same "conduct, transaction, or occurrence set out . . . in the original" motion. *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (quoting Fed. R. Civ. P. 15(c)(1)(B)). The Eighth Circuit explains:

> To arise out of the same conduct, transaction, or occurrence, the claims must be "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition). An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims." *Mandacina*, 328 F.3d at 1000. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. *See Hernandez*, 436 F.3d at 858 (explaining the rationale for Rule 15(c)).

*Id.* On initial review, I determined Humphrey's original § 2255 motion was timely as his judgment became final on or about November 5, 2018, and the court received his § 2255 motion on May 17, 2019. His motion to amend, filed on August 28, 2020, is untimely. Thus, I can consider Humphrey's proposed new claims only if they relate back.

### i.     Do Claims 1-A, 2-A and 3-A relate back to Humphrey's original motion?

Concerning Claim 3-A, Humphrey writes only that he seeks to "amend[] his petition to include a counsels [sic] ineffective assistance as to Ground[] . . . 3." He offers no facts or argument indicating that the two claims share a "common core of operative facts." *Mayle*, 545 U.S. at 664. Such vagueness precludes finding this claim relates back. *United States v. Ruiz-Ahumada*, No. CR02-4054-MWB, 2006 WL 3050807, at *3 (N.D. Iowa Oct. 24, 2006) ("[T]he defendant has not provided the court with any basis whatsoever with which it can ascertain whether his untimely claims 'relate back' to his timely filed claim.") (denying motion to amend § 2255 motion on vagueness grounds). Therefore, Humphrey's motion to amend his original motion will be denied as to Claim 3-A.[2]

Turning to Claims 1-A and 2-A, several courts have denied untimely efforts to amend motions for habeas relief to add ineffective assistance of counsel claims when the original motions contained no such claims. *See, e.g.*, *Johnson v. United States*, No. CV 16-416 (RBK), 2018 WL 2045990, at *3 (D.N.J. May 2, 2018) ("Unlike Petitioner's initial claims, the proposed ineffective assistance of counsel claim centers on the reasonableness of counsel's actions at the sentencing hearing. Additionally, the proposed

---

[2] Even if Claim 3-A related back and was thus timely, it would be subject to summary dismissal as vague and conclusory per Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (affirming district court's summary dismissal of ineffective assistance of counsel claim on grounds that it was brief, conclusory and failed to cite to the record).

ineffective assistance of counsel claim raises an entirely novel ground for relief."); *Riggins v. United States*, No. CIV.A. 10-1557, 2011 WL 6210673, at *5 (E.D. Pa. Dec. 14, 2011) ("[T]he [original § 2255] motion cannot reasonably be understood to assert a challenge to the sufficiency of the evidence on the crack cocaine charge, much less a claim that counsel was ineffective for failing to assert such a challenge. Because Riggins's proposed ineffective assistance of counsel claim is not an effort to amplify his constitutional challenge to his sentence and does not share a common core of operative facts with his sentencing claims, the amendment does not relate back to the date of his original petition."); *United States v. Pham*, No. 106-CR-00007-MP-AK, 2008 WL 4865973, at *4 (N.D. Fla. Nov. 7, 2008) ("Defendant's attempt in his reply to recast these sentencing claims as ineffective assistance of counsel claims is not well taken, as any claim of ineffectiveness is outside the scope of the original motion, and therefore, untimely."); *cf. Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) ("Schneider's original theory was based on trial counsel's alleged failures. His amended theory is based on the trial court's alleged errors. The core facts underlying the second theory are different in type from the core facts underlying the first theory. Therefore, relation back is not appropriate.") (citation omitted).[3]

Other courts have permitted such amendments under certain circumstances. *See Patton v. Beard*, No. 14-CV-569-BEN (BLM), 2015 WL 1812811, at *11 (S.D. Cal. Feb. 27, 2015) ("Petitioner's new ineffective assistance of counsel claims and the original claims [alleging evidentiary errors made by the trial court] in his Petition arise from the same core of operative facts . . . ."), report and recommendation adopted, No. 14-CV-569-BEN (BLM), 2015 WL 1812811 (S. D. Cal. Apr. 20, 2015); *Ha Van Nguyen v.*

---

[3] Ninth Circuit district courts have recognized *Schneider*'s limitations. *See Wright v. LeGrand*, No. 3:12-CV-00286-MMD, 2014 WL 3428487, at *2 (D. Nev. July 10, 2014) ("*Schneider* made no holding that a claim of ineffective assistance of counsel never can relate back to a substantive claim even where the ineffective-assistance claim and the substantive claim arise from the same operative facts—such as allegedly improper questioning to which counsel did not object.")

7

*Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (untimely claim of ineffective assistance of counsel for failing to raise double jeopardy argument related back to substantive double jeopardy claim in original petition), *abrogated on other grounds by Davila v. Davis*, 582 U.S. ----, 137 S. Ct. 2058 (2017); *Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009) (petitioner's motion to amend his § 2255 complaint, originally alleging a right-to-appeal claim, to add a claim alleging his counsel was ineffective could relate back because "both concern[ed] the erroneous advice that Hodge's counsel provided about the filing deadline for the appeal"); *Ruiz-Ahumada*, 2006 WL 3050807, at *3 (suggesting an ineffective assistance of counsel claim grounded in the original motion's substantive claim could relate back); *cf. Wright v. LeGrand*, No. 3:12-CV-00286-MMD, 2014 WL 3428487, at *2 (D. Nev. July 10, 2014) ("The point that the amended claim is based upon a legal theory of ineffective assistance of counsel and the original claim was based upon a legal theory of prosecutorial misconduct is not determinative.").

While I find no binding precedent, the Eighth Circuit has held that a claim may raise a new legal theory and still relate back to the original motion. *See Dodd*, 614 F.3d at 515 ("An amended motion *may* raise new legal theories . . . .") (emphasis added); *see also Mayle*, 545 U.S. at 664 n.7 ("[R]elation back is ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'") (quoting 3 J. Moore, et al., MOORE'S FEDERAL PRACTICE 15.19(2), p. 15-82 (3d ed. 2004)). I therefore conclude that there is no per se rule barring an ineffective assistance of counsel claim from relating back to an original motion that contained no such claim.

The question then becomes whether the claims share a common core of facts. Some of the previously cited holdings indicate that ineffective assistance of counsel claims do not share such facts with substantive claims because the former concern counsel's reasonableness, thereby requiring an inquiry distinct from evaluating a substantive claim's merits. *See Johnson*, 2018 WL 2045990, at *3. I find this view to be too narrow in light of what the court must review when evaluating ineffective assistance of counsel

claims. It is true that the court's "task is 'to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Kelly v. United States*, 819 F.3d 1044, 1047 (8th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Yet, to do so, courts frequently address the merits of the underlying substantive issue. *See, e.g.*, *Jackson v. United States*, 956 F.3d 1001, 1008–09 (8th Cir. 2020) (evaluating whether the district court erred in sentencing the defendant as a career offender in rejecting the defendant's related ineffective assistance of counsel claim); *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) (ineffective assistance of counsel claim was ripe for resolution on direct appeal because the substantive premise of the claim was erroneous).

This applies to both prongs of the *Strickland* standard. For example, when a defendant alleges that his or her counsel should have objected to a sentencing enhancement, the question of whether the objection would have had merit informs whether the lawyer acted reasonably in failing to make it. Failing to raise meritorious objections may support a finding of deficient performance. *See, e.g.*, *United States v. Dominguez-Rivera*, 810 F. App'x 110, 112–13 (3d Cir. 2020) (evaluating whether one of the defendant's prior offenses constituted a career offender predicate offense before finding his lawyer performed deficiently for failing to object to career offender classification); *United States v. Carthorne*, 878 F.3d 458, 469 (4th Cir. 2017) (counsel's failure to object to sentencing enhancement "even though there was a strong basis for such an objection" contributed to finding deficient performance); *United States v. Stricklin*, 290 F.3d 748, 751–52 (5th Cir. 2002) (finding counsel deficient for failing to object to drug quantity where the "neglected argument was obvious, solid, and based on directly controlling precedent"). Conversely, "[f]ailure to raise a meritless objection cannot support a claim of ineffective assistance." *Sittner v. Bowersox*, 969 F.3d 846, 853 (8th Cir. 2020) (citing *Gray v. Bowersox*, 281 F.3d 749, 756 n.3 (8th Cir. 2002)).

Evaluating the merits of such an objection may also inform whether the petitioner establishes prejudice. *See, e.g.*, *United States v. Miller*, No. 8:06CR124, 2010 WL

1817928, at *7 (D. Neb. May 5, 2010) (finding petitioner alleging ineffective assistance of counsel for failing to object to career offender qualification could not show prejudice because, in part, "his prior convictions for burglary of a commercial building and fleeing arrest would still count as violent felonies for purposes of his classification as a career offender."); *United States v. Vazquez-Munoz*, 453 F. Supp. 2d 1078, 1092 (N.D. Iowa 2006) (evaluating merits of whether defendant qualified for a role reduction and concluding he could not show prejudice related to his counsel's failure to object on that ground because "this court would likely have overruled any objections launched with respect to [the petitioner's] role in the offense"); *cf. Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.").

Consistent with this reasoning, Claims 1-A and 2-A appear to share a common core of operative fact with Claims 1 and 2. Humphrey's claim that his counsel provided ineffective assistance by failing to investigate and object to his career offender status implicates the same underlying facts as does a claim that the court erred in classifying him as a career offender. Likewise, his claim that his counsel provided ineffective assistance by failing to investigate and object to the quantity of drugs for which he was held accountable implicates the same underlying facts as does a claim that the court erred in determining that quantity.

This is not the end of the inquiry. Beyond sharing a common core of facts, the opposing party must have notice before I can find that Humphrey's claims of ineffective assistance relate back to the claims he made in his initial motion. The notice required for a claim to relate back is "notice of the factual basis for the claim." *Dodd*, 614 F.3d at 514 (citing *Hernandez v. United States*, 436 F.3d 851, 858 (8th Cir. 2006)). While ineffective assistance of counsel is a new theory and may implicate some new facts, "the 'relation back' standards do not require that all facets of a single claim arise from a

10

common core of operative facts for the opposing party to have notice of the factual basis for that claim." *Johnson v. United States*, 860 F. Supp. 2d 663, 761 n.28 (N.D. Iowa 2012). Because there are overlapping factual bases for Humphrey's original claims and his ineffective-assistance-of-counsel claims, I find that the notice requirement has been satisfied.

The final question is of judicial economy and prejudice to the Government. Cutting against Humphrey is the fact that he does not allege any excuse for failing to include these ineffective assistance claims in his original motion. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (denying motion to amend in part because the petitioner could have "easily included" his additional claims in his original § 2255 motion). Further, allowing Humphrey to add ineffective assistance of counsel claims would require supplemental briefing. *Johnson*, 2018 WL 2045990, at *3 ("The addition of this new legal theory would require supplemental briefing and would cause prejudice to Respondent."); *cf. Bender v. United States*, No. CIV.04-13-P-H, 2004 WL 2011449, at *7 (D. Me. Sept. 9, 2004) ("[T]he United States has already filed a responsive pleading seeking a disposition on [the original § 2255 motion's] merits."). Despite these countervailing points, where "the original and amended petitions state claims that are tied to a common core of operative facts," as they do here, "relation back will be in order." *Mayle*, 545 U.S. at 664.

Based on this analysis, I provisionally find that Humphrey's first and second claims of ineffective assistance of counsel (Claims 1-A and 2-A) relate back to the filing of his original § 2255 motion and will proceed to initial review of those claims.[4]

---

[4] This provisional finding does not preclude the Government from arguing, in its supplemental merits briefs, that Claims 1-A and 2-A do not relate back.

### *ii.    Do Claims 1-A and 2-A otherwise satisfy initial review?*

Having found (provisionally, at least) that Claims 1-A and 1-B relate back, they are now subject to Rule 4(b) of the Rules Governing Section 2255 Proceedings. This rule requires I conduct an initial review of those claims and dismiss them if it is clear that they cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977). Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. This issue has been addressed. Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. This is not the case here: "Motions to amend filed before the district court renders judgment are not barred by [the Antiterrorism and Effective Death Penalty Act of 1996] as 'second or successive.'" *United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014) (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)).

Humphrey argues he was improperly classified as a career offender and that his counsel provided ineffective assistance by failing to adequately investigate and object to his classification.[5] He also argues he was subjected to an erroneous offense level due to a miscalculation of his drug quantities and that his counsel provided ineffective assistance by failing to investigate and object to the calculation. These claims are not patently frivolous. Therefore, I will direct the Government to respond to Humphrey's motion as to these claims only.

A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United*

---

[5] Humphrey's counsel did object to his career offender classification at sentencing, but this is not necessarily inconsistent with Humphrey's claim that his attorney failed to adequately investigate the facts and law underlying the enhancement.

*States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, Mr. Hansen – the attorney whose representation is challenged – is directed to file with the court an affidavit that responds to Humphrey's specific allegations of ineffective assistance of counsel (Claims 1-A and 2-A). Such affidavit must contain all the information that Mr. Hansen reasonably believes is necessary to respond to the specific allegations. In addition, Mr. Hansen is directed to attach to or include with his affidavit all of the documents that he reasonably believes are necessary to respond to Humphrey's allegations. This court-supervised response must be filed with the court on or before **July 26, 2021**.

The Clerk's office is directed to provide a copy of this order to Mr. Hansen.[6] After he complies with these directives, the Clerk's office is directed to serve both parties with a copy of the documents that Mr. Hansen files. If Humphrey objects to Mr. Hansen responding as ordered herein, he must notify the court of the objection no later than **July 9, 2021**. If an objection is received, the court will notify the parties and counsel that they need not take further action until they are directed to do so.

---

[6] Relevant ethical guidelines are set in the ABA Model Rules of Professional Conduct. *See* ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)–(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12–15. If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

C.  *Appointment of counsel*

There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings; rather, the appointment of counsel is at the discretion of the court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Green v. United States*, 262 F.3d 715, 718 (8th Cir. 2001) ("[T]he Constitution does not guarantee [movant] a right to counsel in this collateral proceeding"). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *see also* 28 U.S.C. § 2255(g). The general rule is that the court may appoint counsel in a § 2255 case if the interests of justice so require. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). The one exception to the general rule is that if the court grants an evidentiary hearing, appointment of counsel is compulsory. Rule 8(c) of the Rules Governing § 2255 Proceedings; *see also Green*, 262 F.3d at 717–19.

Based on the straightforward nature of Humphrey's claims, and the court's familiarity with the applicable ineffective assistance of counsel standards, appointment of counsel is not warranted at this time.

V.  CONCLUSION

For the reasons set forth herein:
1. All claims set forth in Humphrey's original § 2255 motion (Doc. 1) are hereby **dismissed**.
2. With regard to the claims set forth in Humphrey's amended § 2255 motion (Doc. 6), Claim 3-A is **dismissed** while Claims 1-A and 2-A shall proceed as described below.
3. The Clerk's office shall provide a copy of this order to Humphrey's prior counsel, Brad Hansen. As set out above, Mr. Hansen is directed to file an affidavit by **July 31, 2021**, responding to the allegations set out in Claims 1-A and 2-A of the amended § 2255 motion (Doc. 6).

4. The Government shall file a brief responding to Claims 1-A and 2-A of the amended § 2255 motion (Doc. 6) on or before **August 28, 2021**. As noted above, the brief may include arguments as to whether those claims relate back to the original § 2255 motion, as I have provisionally found.

5. Humphrey may file a reply to the Government's response concerning Claims 1-A and 2-A on or before **September 25, 2021**.

**IT IS SO ORDERED.**

**DATED** this 1st day of July, 2021.

_____
Leonard T. Strand, Chief Judge